UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SONYA HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:13-CV-0391-SLB |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the court on plaintiff Sonya Hunter's Motion to Alter or Amend the Judgment Pursuant to Rule 59. (Doc. 18.)[1] On September 8, 2014, the court affirmed the decision of the Administrative Law Judge ("ALJ") denying plaintiff's application for a period of disability and disability insurance benefits. (Doc. 17.) Plaintiff contends that remand under the sixth sentence of § 405(g) is warranted because a subsequent favorable disability determination constitutes new evidence that the Commissioner should consider. (Doc. 18 at 1.) Having carefully reviewed the court's previous opinion, plaintiff's Motion, the record, and the relevant law, the court is of the opinion that plaintiff's Motion to Alter or Amend the Judgment Pursuant to Rule 59, (Doc. 18), is due to be denied.

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

## MOTION TO ALTER OR AMEND

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The standard that must be met is a high one: "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)); *see also Evans v. Books-A-Million*, CV-07-S-2172-S, 2012 WL 5954118, at *1 (N.D. Ala. Nov. 28, 2012) ("Rule 59(e) is silent regarding the substantive grounds for a motion to alter or amend. Even so, courts have identified three circumstances that may justify granting such motions: (1) an intervening change in controlling law; (2) newly available evidence; and (3) the need to correct clear errors of law or fact.").

In other words, a "Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (alteration in original) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *see also O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."). Moreover, this high standard means that a party's disagreement with the court's decision, absent a showing of manifest error, is not reason enough for the court to grant a motion to alter or amend a judgment. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)

("Having read [the] motion, we conclude that it did nothing but ask the district court to reexamine an unfavorable ruling."). Ultimately, these strict rules are in place because "[r]econsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sonnier v. Computer Programs & Sys., Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001) (citations omitted).

In her Motion, plaintiff argues that a subsequent favorable disability determination on January 17, 2014, finding that plaintiff was disabled beginning the day after the unfavorable decision at issue in this case, constitutes new evidence, and that remand is warranted because "[t]he Record is not clear as to whether the favorable decision can be reconciled with the unfavorable decision." (Doc. 18 at 8.) "A claimant is entitled to remand for consideration of newly-discovered evidence 'only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Leiter v. Comm'r of Soc. Sec.*, 377 F. App'x 944, 950 (11th Cir. 2010). The newly-discovered evidence must be noncumulative and "must relate to the time period on or before the date of the ALJ's decision." *Id.* (citing 20 C.F.R. § 404.970(b)).

In *Carroll v. Social Security Administration, Commissioner*, 453 F. App'x 889 (11th Cir. 2011), the plaintiff appealed the denial of her motion to remand under § 405(g), arguing that a subsequent judgment by the Social Security Administration entitling her to benefits warranted remand of a prior unfavorable decision. *Id.* at 892. The court disagreed, stating, "based on the time between decisions, *and based on Carroll's failure to produce any*

3

*additional evidence apart from the favorable decision itself*, that judgment alone is not material to the instant case." *Id.* (emphasis added); *see also Stokes v. Astrue*, No. 8:08-cv-1657-T-23HTS, 2009 WL 2216785, at *2 (M.D. Fla. July 23, 2009) ("[I]t is clear the mere fact of an award of benefits recognizing disability beginning one date does not compel a certain result for the preceding period . . . ."); *Howard v. Astrue*, No. 07-144-GWU, 2008 WL 108776, at *1 (E.D. Ky. Jan. 9, 2008) ("While counsel for the plaintiff suggests . . . that his client did not suddenly become disabled the day after the ALJ's decision, the fallacy in this argument is that the subsequent award of benefits says nothing about the plaintiff's condition during the *entire* period being considered under the plaintiff's current application.").

In another case, a plaintiff argued on appeal that a subsequent favorable disability determination based on the same evidence available in a case denying the plaintiff benefits showed that the ALJ rendering the unfavorable decision erred in evaluating the plaintiff's impairments. *Douglas v. Comm'r of Soc. Sec.*, No. 04-16235, 2005 WL 3116634, at *1 (11th Cir. 2005). The court found that the subsequent award of benefits did not affect the previous denial of benefits, noting that the court's role is to "review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Id.* (quoting *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (per curiam) (internal quotations omitted). The court

concluded that the subsequent award of benefits merely indicated that plaintiff's condition became disabling after the ALJ's previous decision. *Id.*

Here, the ALJ denied plaintiff's application for disability on February 10, 2012, and a subsequent decision on January 17, 2014 awarded plaintiff disability benefits for a period beginning on February 11, 2012. The fact that evidence predating February 11, 2012 affected the subsequent award of benefits does not show that plaintiff was disabled for a preceding period of time. While plaintiff's disability period in the case awarding her benefits began the day after the unfavorable decision, this close proximity does not account for plaintiff's "condition during the *entire* period being considered under the plaintiff's current application." *See Howard*, 2008 WL 108776, at *1. Additionally, it appears the ALJ relied on at least some evidence post-dating February 10, 2012, which would not be material to this case. (*See* Doc. 13-1 at 8 ("In fact, a *recent* magnetic resonance images [sic] shows moderate bilateral neural foraminal narrowing at C5-C6 . . . .") (emphasis added).) Just as the *Carroll* plaintiff failed to produce *additional* evidence, other than the subsequent favorable decision, that was material to her first claim for disability, plaintiff has also failed to produce evidence, other than the subsequent award of benefits, showing that she was disabled on or before the date of the first disability determination. The court finds that the subsequent award of benefits, alone, is not material to this case, as it does not relate to the relevant disability period at issue, and thus, plaintiff's Motion under Rule 59(e) is due to be denied.

5

**CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Alter or Amend the Judgment Pursuant to Rule 59, (Doc. 18), is due to be denied. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 9th day of April, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE